```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SUK JOON RYU, a/k/a JAMES S. RYU,    :
                                     :
                                     :     18-cv-1236 (JSR)
            Plaintiff,               :
                                     :
       -v-                           :
                                     :
HOPE BANCORP, INC., as successor     :     MEMORANDUM ORDER
by merger to Wilshire Bancorp, Inc., :
                                     :
                                     :
            Defendant.               :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Plaintiff Suk Joon Ryu has now moved the Court to (1) hold defendant Hope Bancorp, Inc. in contempt of court for failing to comply with the "January 22 Order" (as defined below) by raising allegedly baseless objections to certain invoices at issue, (2) impose a daily fine for every day from the date of this Memorandum Order until Hope Bancorp comes into compliance with the January 22 Order, and (3) reprimand Hope Bancorp for asserting allegedly baseless objections for the sole purpose of harming Ryu. ECF No. 135. For the reasons set forth below, the Court holds that Hope Bancorp's objections to the invoices at issue are meritless, but declines at this time to impose sanctions or to hold Hope Bancorp in contempt of court, without prejudice to so doing in the future.

**Background**

1

**A. Instant Action**

Familiarity with all prior proceedings in this case is here assumed. In brief, this dispute concerns Ryu's entitlement to advancement of attorneys' fees from Hope Bancorp in connection with federal criminal investigations and a third-party civil action in Bank of Hope v. Miye Chon, et al., No. 2:14-cv-1770 (KM) (JAD) (D.N.J.) ("NJ Action") arising out of Ryu's alleged embezzlement from BankAsiana, Ryu's former employer. The advancement obligation at issue arises from a provision in a merger agreement pursuant to which BankAsiana merged into Wilshire Bank, Hope Bancorp's predecessor. See Merger Agreement, ECF No. 1-1, Ex. A ("Merger Agreement") § 6.7. In an Opinion and Order dated April 24, 2018, this Court granted partial summary judgment for Ryu, holding that he was entitled to advancement of certain fees incurred in connection with the above actions. ECF No. 34. In an Order dated September 27, 2018, this Court adopted in full Magistrate Judge Katherine H. Parker's Report and Recommendation, dated August 29, 2019, which fixed the amount for advanceable fees and expenses then-already incurred and set the procedure for prospective advancement. ECF Nos. 76, 90.

In an Opinion and Order dated January 22, 2019, this Court, inter alia, held that:

> Finally, for invoices covering January 2019 and future months, the parties will adhere to the advancement procedure, with Ryu submitting invoices on the 5th

2

calendar day of each month, and Hope Bancorp
submitting objections and paying undisputed amounts
(or 50% of the amount sought, if Hope Bancorp disputes
more than 50% of the amount sought) on the 15th
calendar day. If at any time Hope Bancorp fails to
submit objections or make payments as required, the
parties will immediately convene a joint conference
call with chambers, and the Court will schedule a
contempt hearing.

ECF No. 122 ("January 22 Order"), at 9-10.

### B. NJ Action

On April 10, 2019, Bank of Hope voluntarily dismissed all claims against Ryu with prejudice in the NJ Action. NJ Action, ECF No. 292. The only remaining claim was Ryu's compulsory counterclaim for illegal seizure of funds on deposit. Declaration of David Dzara, ECF No. 137 ("Dzara Decl.") ¶¶ 4, 5.

During a settlement hearing on July 24, 2019, the parties discussed, with Magistrate Judge Joseph A. Dickson of the District of New Jersey, how to provide mutual releases for the claims being settled that day and how to document those releases in a settlement agreement. Id. ¶¶ 6, 9; Declaration of Michael Yi, ECF No. 139 ("Yi Decl.") ¶ 6; NJ Action, ECF No. 316. On August 12, 2019, Magistrate Judge Dickson issued a letter order granting Ryu's motion to enforce settlement against Bank of Hope, holding as follows:

> It is clear that Bank of Hope and Ryu reached an agreement on all of the material points of the settlement: . . . (4) the exchange of mutual releases which would exclude Ryu's claims for malicious use of

3

> process and the advancement action currently pending in the Southern District of New York. . . . .
>
> Accordingly, the Court will enforce the settlement against Bank of Hope in favor of Ryu on the following terms: . . . (3) The Parties shall release each other for any and all claims that were or could have been raised in this lawsuit, except that Ryu does not release (a) any claims he may have for malicious use of civil process and (b) any claims pending in Suk Joon Ryu v. Hope Bancorp, Inc., 1:18-cv-1236 (S.D.N.Y.).

NJ Action, ECF No. 348 ("NJ Settlement Order"), at 4-7.

In addition, the NJ Settlement Order held that Ryu released his "right to indemnification for attorney's fees pursuant to state laws and certain bylaws of Bank of Hope's predecessor in interest," because Ryu's counsel was not clear about this exclusion during the July 24, 2019 settlement hearing. Id. On August 26, 2019, Ryu filed a motion for partial reconsideration of the NJ Settlement Order with respect to Magistrate Judge Dickson's decision that Ryu released his indemnification rights under N.J. Stat. § 17:9A-250(D). NJ Action, ECF No. 353, at 2. That motion is still pending.

**C. Instant Dispute**

On September 2, 2019, Ryu's counsel submitted to Hope Bancorp's counsel invoices for legal fees and expenses Ryu incurred in August 2019 ("August Invoices"). Dzara Decl. ¶ 19; Yi Decl. ¶ 22. On September 12, 2019, Hope Bancorp sent its written objections to the August Invoices, objecting to the

4

entire amount of $47,104.75 and arguing that Ryu had released his advancement rights under the Merger Agreement as part of the settlement in the NJ Action. Dzara Decl. ¶ 20; Yi Decl. ¶ 24. Based on these objections, Hope Bancorp deposited 50% of the August Invoices into escrow, pursuant to the advancement procedure set forth in this Court's September 27, 2018 Order. Yi Decl. ¶ 26.

In addition, Hope Bancorp submitted revised objections to the invoices from July 2019 ("July Invoices"), retroactively applying the same release agreement to some of time entries in the July Invoices in the amount of $3,310.00 and offsetting such amount from a payment it owed due to its withdrawal of an objection to the invoices from June 2019. Dzara Decl. ¶ 20; Yi Decl. ¶ 25 n.8.

Ryu has now moved the Court to (1) hold Hope Bancorp in civil contempt for allegedly failing to comply with this Court's January 22 Order when Hope Bancorp raised these objections to the July Invoices and the August Invoices, (2) impose a daily fine every day from the date of this Memorandum Order until Hope Bancorp comes into compliance with the January 22 Order, and (3) reprimand Hope Bancorp for asserting allegedly baseless objections for the sole purpose of harming Ryu. ECF No. 135.

**Analysis**

The dispute at issue boils down to the following question: whether the NJ Settlement Order released Ryu's indemnification rights (and therefore advancement rights[1]) under the Merger Agreement, when Ryu released all claims except for, inter alia, "any claims pending in Suk Joon Ryu v. Hope Bancorp, Inc., 1:18-cv-1236 (S.D.N.Y.)." Hope Bancorp answers the question in the affirmative, because the instant action technically concerns Ryu's advancement, not indemnification, rights and because, in Hope Bancorp's view, the carveout does not contain Ryu's indemnification rights under the Merger Agreement. Id. However, it cannot be the case that Ryu expressly, and with the acknowledgement of Hope Bancorp's counsel at the July 24, 2019 settlement hearing,[2] preserved his claims in this advancement

---

[1] According to the Merger Agreement, if Ryu's indemnification rights are extinguished, his advancement rights are extinguished as well. See Merger Agreement § 6.7 ("Acquiror shall also advance expenses as incurred due to [the indemnification-related clauses] above to the fullest extent so permitted").

[2] During the settlement hearing on July 24, 2019, Ryu's counsel stated, "we also have some other matters, such as the advancement proceedings in New York, and . . . we will not be releasing any rights we have in that case in the advancement proceedings as well. . . . [The settlement will] not have any effect on the ongoing advancement action or any future claims that my client may bring against [Hope Bancorp]'." Hope Bancorp's counsel responded, "That's fine, Your Honor. So it would be – there will be a carveout to the general releases, mutual general releases for two things: . . . second, [Ryu's] rights and remedies in the advancement case pending in the Southern District of New York." Dzara Decl. ¶ 8 (quoting Transcript, ECF No. 139-1, Ex. A, at 5:25-7:17).

6

action but at the same time gave up his indemnification rights under Section 6.7 of the Merger Agreement, which would completely erase his advancement rights. For this reason, the Court holds that the express carveout for "any claims pending" in this action also includes the indemnification claims under Section 6.7 of the Merger Agreement and that Ryu did not release his indemnification rights (and thus advancement rights) under the Merger Agreement as relevant in this action.[3]

Nevertheless, imposing sanctions or holding Hope Bancorp in contempt of court is not necessary at this time, because the Court finds Hope Bancorp's rationale for objecting to the July Invoices and the August Invoices to be, although ultimately meritless, colorable. See Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999) ("In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e.,

---

[3] In the alternative, Hope Bancorp argues that this Court should wait until Magistrate Judge Dickson decides Ryu's motion for partial reconsideration of the NJ Settlement Order. Hope Opp. 12 n.13. In Hope Bancorp's view, until that motion is decided, the status of Ryu's indemnification claim remains uncertain. Id. at 11-12. However, Hope Bancorp misses the obvious point that the issue in front of Magistrate Judge Dickson is whether Ryu released his New Jersey statutory indemnification rights, whereas the issue in front of this Court is whether Ryu released his indemnification rights under the Merger Agreement. See NJ Action, ECF No. 353.

7

motivated by improper purposes such as harassment or delay."); United States v. Ohle, No. 3:08-cr-1109 (JSR), 2012 WL 2861347, at *5 (S.D.N.Y. July 6, 2012) ("A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.").

For the foregoing reasons, Hope Bancorp is hereby directed to, within two weeks of this Memorandum Order, advance payments with respect to the July Invoices, the August Invoices and any subsequent invoices submitted after Ryu filed the instant motion (and withdraw funds from the escrow to the extent necessary) so as to place Ryu in the same position as if Hope Bancorp had never raised the objections to those invoices on the ground that Ryu had released his advancement rights under the Merger Agreement. If Hope Bancorp fails to comply with this directive within two weeks, Ryu may reapply for imposing sanctions and holding Hope Bancorp in contempt of court.

The Clerk is directed to close the entry with the docket number 135.

SO ORDERED.

Dated: New York, NY
November 15, 2019

_____
JED S. RAKOFF, U.S.D.J.

8